# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **WILLIAM DAVID LAUGA** | **CIVIL ACTION** |
| **VERSUS** | **NO. 10-708** |
| **ST. TAMMANY PARISH SHERIFF'S OFFICE, ET AL.** | **SECTION: "N"(3)** |

## REPORT AND RECOMMENDATION

Plaintiff, William David Lauga, a state pretrial detainee, filed this *pro se* complaint pursuant to 42 U.S.C. § 1983 against the St. Tammany Parish Sheriff's Office, Sheriff Rodney "Jack" Strain, Warden Longino, Lieutenant Hansan, Lieutenant Umbehagen, Corporal Williams, Corporal Lott, Corporal Leblanc, Deputy Weisner, Deputy Bonilla, Dr. Dileo, Nurse Tiffany, and other unidentified individuals.

In this lawsuit, plaintiff claims that he was negligently housed with a convicted inmate, Jason Delauney, with whom he got into a fight on November 17, 2009. Plaintiff alleges that he was injured in that fight and, as a result, suffered permanent nerve damage to the left side of his face.

Plaintiff further alleges that, after the fight, he was brought to the jail medical department for treatment of his injuries. He claims that Dr. Dileo did nothing more than stitch up a laceration and prescribe pain medication. Plaintiff states that Nurse Tiffany also later offered him an ice pack.

After being treated in the medical department, plaintiff was questioned by Corporal Lott concerning the reason for the fight. Plaintiff responded that he did not know the reason, and he was then handcuffed to a bench for approximately eight hours.

Plaintiff subsequently filed an administrative complaint and, as a result, was taken to talk to Lieutenant Hansan. Hansan said the complaint would be investigated. The investigation was then conducted by Corporal Williams, who interviewed plaintiff.

Shortly thereafter, plaintiff was told by Corporal Leblanc that Delauney was being arrested for his role in the fight. After expressing concern about remaining in the same dorm with Delauney, plaintiff was moved to a holding cell without a mattress for over sixteen hours, transferred to isolation for two weeks, and thereafter relocated to the protective custody dorm.

Plaintiff makes no allegations in the complaint against Sheriff Rodney "Jack" Strain, Warden Longino, Lieutenant Umbehagen, Deputy Weisner, Deputy Bonilla, or the unidentified defendants.

## I. Standards of Review

Federal law mandates that federal courts "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a).[1] Regarding such lawsuits, federal law further requires:

> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
>
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).

---

[1] "[T]he term 'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915A(c).

Additionally, with respect to actions filed *in forma pauperis*, such as the instant lawsuit, federal law similarly provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action or appeal –
>
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary damages against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

A complaint is frivolous "if it lacks an arguable basis in law or fact." Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994). In making a determination as to whether a claim is frivolous, the Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989); Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994).

A complaint fails to state a claim on which relief may be granted when the plaintiff does not "plead enough facts to state a claim to relief that is plausible on its face. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *In re* Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007) (citation, footnote, and quotation marks omitted), cert. denied, 128 S. Ct. 1230 and 1231 (2008). The United States Supreme Court recently explained:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability

requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citations and quotation marks omitted).

Although broadly construing plaintiff's complaint,[2] the Court nevertheless finds that, for the following reasons, the complaint should be dismissed as frivolous and for otherwise failing to state a claim on which relief may be granted.

## II. St. Tammany Parish Sheriff's Office

Plaintiff has named the St. Tammany Parish Sheriff's Office as a defendant. That claim must be dismissed because "a sheriff's office is not a legal entity capable of being sued ...." Cozzo v. Tangipahoa Parish Council–President Government, 279 F.3d 273, 283 (5th Cir. 2002); see also Campbell v. St. Tammany Parish Sheriff's Office, Civ. Action No. 09-3143, 2009 WL 1107251, at *1 (E.D. La. Apr. 23, 2009); Wetzel v. St. Tammany Parish Jail, 610 F.Supp.2d 545, 548 (E.D. La. 2009); Smith v. St. Tammany Parish Sheriff's Office, Civ. Action No. 07-3525, 2008 WL 347801, at *2 (E.D. La. Feb. 6, 2008); Causey v. Parish of Tangipahoa, 167 F.Supp.2d 898, 904 (E.D. La. 2001); Ruggiero v. Litchfield, 700 F.Supp. 863, 865 (M.D. La. 1988).

## III. Remaining Defendants

Plaintiff indicates that he is suing the remaining defendants in both their official and individual capacities. For the following reasons, the Court finds that plaintiff has failed to state cognizable, nonfrivolous claims against the defendants in either capacity.

---

[2] The court must liberally construe a *pro se* civil rights complaint. See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994).

4

## A. Official-Capacity Claims

Clearly, official-capacity claims have not been properly been stated against the defendants. "Official capacity suits generally represent another way of pleading an action against an entity of which an officer is an agent." Burge v. Parish of St. Tammany, 187 F.3d 452, 466 (5th Cir. 1999). Accordingly, official-capacity claims against these defendants would in reality be claims against the local governmental entity they serve, i.e. the St. Tammany Parish Sheriff's Office. However, the United States Fifth Circuit Court of Appeals has explained:

> In order to hold a municipality or a local government unit liable under Section 1983 for the misconduct of one of its employees, a plaintiff must initially allege that an official policy or custom was a cause in fact of the deprivation of rights inflicted. To satisfy the cause in fact requirement, a plaintiff must allege that the custom or policy served as a moving force behind the constitutional violation at issue or that [his] injuries resulted from the execution of an official policy or custom. The description of a policy or custom and its relationship to the underlying constitutional violation, moreover, cannot be conclusory; it must contain specific facts.

Spiller v. City of Texas City, Police Department, 130 F.3d 162, 167 (5th Cir. 1997) (quotation marks, brackets, and citations omitted). Further, "[a] plaintiff may not infer a policy merely because harm resulted from some interaction with a governmental entity." Colle v. Brazos County, Texas, 981 F.2d 237, 245 (5th Cir. 1993); see also Wetzel v. Penzato, Civ. Action No. 09-7211, 2009 WL 5125465, at *3 (E.D. La. Dec. 23, 2009). Rather, he must *identify* the policy or custom which allegedly caused the deprivation of his constitutional rights. See, e.g., Murray v. Town of Mansura, 76 Fed. App'x 547, 549 (5th Cir. 2003); Treece v. Louisiana, 74 Fed. App'x 315, 316 (5th Cir. 2003); Wetzel, 2009 WL 5125465, at *3. In the instant case, plaintiff does not allege that his constitutional rights were violated as a result of a policy or custom, much less identify such a policy or custom.

B. Individual-Capacity Claims

1. Sheriff Rodney "Jack" Strain, Warden Longino, Lieutenant Umbehagen,

Deputy Weisner, Deputy Bonilla, and the Unidentified Individuals

Additionally, it is clear that no individual-capacity claim has been stated against Sheriff Rodney "Jack" Strain, Warden Longino, Lieutenant Umbehagen, Deputy Weisner, Deputy Bonilla, or the unidentified individuals. "Plaintiffs suing governmental officials in their individual capacities ... must allege specific conduct giving rise to a constitutional violation. This standard requires more than conclusional assertions: The plaintiff must allege specific facts giving rise to the constitutional claims." Oliver v. Scott, 276 F.3d 736, 741 (5th Cir. 2002) (citation omitted). Additionally, "[p]ersonal involvement is an essential element of a civil rights cause of action." Thompson v. Steele, 709 F.2d 381, 382 (5th Cir. 1983). In his complaint, plaintiff makes no factual allegations whatsoever against Strain, Longino, Umbehagen, Weisner, Bonilla, or the unidentified individuals. Without such factual allegations indicating that these defendants were personally involved in the events and conditions about which plaintiff complains, the individual-capacity claims against these defendants clearly fail.

Moreover, although at least some of these defendants are supervisory officials, a supervisor may not be held liable pursuant to 42 U.S.C. § 1983 under any theory of strict liability[3] or vicarious liability[4] for federal civil rights violations allegedly committed by his or her subordinates.

---

[3] Harris v. Greer, 750 F.2d 617, 618 (7th Cir. 1984) ("[T]here is no concept of supervisor strict liability under section 1983."); see also Jenkins v. Wood, 81 F.3d 988, 994 (10th Cir. 1996); Evans v. Gusman, Civ. Action No. 08-703, 2008 WL 2223281, at *2 (E.D. La. May 23, 2008); Castillo v. Blanco, Civ. Action No. 07-215, 2007 WL 2264285, at *5 (E.D. La. Aug. 1, 2007).

[4] An official cannot be held liable pursuant to 42 U.S.C. § 1983 under any theory of vicarious liability. Thompkins v. Belt, 828 F.2d 298, 303 (5th Cir. 1987); see also Oliver v. Scott, 276 F.3d 736, 742 (5th Cir. 2002) ("Section 1983 does not create supervisory or *respondeat superior* liability."); Evans, 2008 WL 2223281, at *2.

Lastly, as to the unidentified individuals, the Court additionally notes that they are improper defendants in any event. It is clear that "claims against ... unidentified defendants fail to state a claim for which relief can be granted and are otherwise frivolous." August v. Gusman, Civ. Action No. 06-3962, 2008 WL 466202, at *7 (E.D. La. Feb. 13, 2008); see also Hill v. Strain, Civ. Action No. 08-4768, 2010 WL 111062, at *3 (E.D. La. Jan. 11, 2010); Francis v. Terrebonne Parish Sheriff's Office, Civ. Action No. 08-4972, 2009 WL 4730707, at *3 (E.D. La. Dec. 9, 2009); Carter v. Strain, Civ. Action No. 09-3401, 2009 WL 2390808, at *3 (E.D. La. July 31, 2009); Staritz v. Valdez, No. 3-06-CV-1926, 2007 WL 1498285, at *2 (N.D. Tex. May 21, 2007); Banks v. United States, Civ. Action No. 05-6853, 2007 WL 1030326, at *11 (E.D. La. Mar. 28, 2007).

## 2. Dr. Dileo and Nurse Tiffany

Plaintiff has asserted individual-capacity claims against Dr. Dileo and Nurse Tiffany for inadequate medical care after the fight. It is clear that the constitutional rights of a pretrial detainee may be violated if his serious medical needs are met with deliberate indifference on the part of penal authorities. Thompson v. Upshur County, Texas, 245 F.3d 447, 457 (5th Cir. 2001). However, the United States Fifth Circuit Court of Appeals has held:

> Deliberate indifference is an extremely high standard to meet. It is indisputable that an incorrect diagnosis by prison medical personnel does not suffice to state a claim for deliberate indifference. Rather, the plaintiff must show that officials refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs. Furthermore, the decision whether to provide additional treatment is a classic example of a matter for medical judgment. And, the failure to alleviate a significant risk that the official should have perceived, but did not is insufficient to show deliberate indifference.

Domino v. Texas Department of Criminal Justice, 239 F.3d 752, 756 (5th Cir. 2001) (quotation marks and citations omitted). "Deliberate indifference encompasses only unnecessary and wanton

infliction of pain repugnant to the conscience of mankind." McCormick v. Stalder, 105 F.3d 1059, 1061 (5th Cir. 1997); see also Stewart v. Murphy, 174 F.3d 530, 534 (5th Cir. 1999).

In this case, plaintiff was brought to the medical department and received immediate treatment by Dr. Dileo. There is no allegation that Dr. Dileo refused to treat plaintiff, ignored his complaints, intentionally treated him incorrectly, or wantonly disregarded his medical needs. Rather, plaintiff merely complains that Dr. Dileo's examination was not sufficiently thorough and that additional treatment beyond stitches and pain medication was not provided. Those allegations, however, are insufficient to state a cognizable federal claim. As the United States Fifth Circuit Court of Appeals has noted: "Unsuccessful medical treatment, acts of negligence, or medical malpractice do not constitute deliberate indifference, nor does a prisoner's disagreement with his medical treatment, absent exceptional circumstances. Furthermore, the decision whether to provide additional treatment is a classic example of a matter for medical judgment." Gobert v. Caldwell, 463 F.3d 339, 346 (5th Cir. 2006) (footnote and quotation marks omitted). Plaintiff's claims against Dr. Dileo are, *at best*, ones for only negligence or malpractice. Claims of negligence or malpractice are for the state courts, not a federal court. See Estelle v. Gamble, 429 U.S. 97, 107 (1976); Castro v. Louisiana, Civ. Action No. 08-4248, 2008 WL 5169401, at *4 (E.D. La. Dec. 8, 2008); Cerna v. Texas Tech Medical Staff, No. 2:03-CV-0322, 2004 WL 42602, at *2 (N.D. Tex. Jan. 7, 2004).

Likewise, plaintiff has stated no cognizable individual-capacity claim against Nurse Tiffany. In fact, the only allegation plaintiff makes regarding Nurse Tiffany is that she offered assistance by asking him if he wanted an ice pack for swelling. Such an offer obviously does not amount to a constitutional violation. To the extent that plaintiff is claiming that Nurse Tiffany violated his

8

constitutional rights by failing to do more for him, that claim has no merit. Plaintiff had already been examined and treated by Dr. Dileo earlier that day, and there is no indication that Nurse Tiffany had any reason to be aware that further treatment was necessary. Further, in any event, the failure to offer such additional treatment would constitute nothing more than negligence or malpractice.

### 3. Corporal Lott

Plaintiff's allegations are likewise insufficient to state an individual-capacity claim against Corporal Lott. Plaintiff's only allegations against Lott are that (1) he questioned plaintiff concerning the reason for the fight and (2) he handcuffed plaintiff to a bench for approximately eight hours. As to the former allegation, Lott's question was entirely appropriate and certainly does not amount to a constitutional violation. As to the fact that Lott handcuffed plaintiff to the bench, the complaint states that Lieutenant Hansen explained to plaintiff that he was placed on the bench to "cool off" after the fight. This temporary, non-punitive measure removing plaintiff from the dorm and allowing tempers to cool did not run afoul of his constitutional rights, especially in light of the fact that the restraint was not in any other way unduly harsh and he had already been examined and treated by the staff physician.

### 4. Corporal Leblanc

Plaintiff has also failed to state a cognizable individual-capacity claim against Corporal Leblanc. The only allegations against Corporal Leblanc are that he told plaintiff that Delauney was being arrested and that he acted on plaintiff's stated concern about remaining in the same dorm. Obviously, neither of those actions violated plaintiff's constitutional rights. If plaintiff's complaint is that Leblanc placed him in a holding cell without a mattress for sixteen hours, that claim fares no

better. The placement in the holding cell was obviously a temporary measure to respond to plaintiff's expressed fear for his safety. The fact that the holding cell had no mattress for that brief period simply does not rise to the level of a constitutional violation. Magee v. Crowe, Civ. Action No. 09-3142, 2010 WL 630011, at *9-10 (E.D. La. Feb. 19, 2010) (no violation arising from lack of a mattress for ten days); McAllister v. Strain, Civ. Action No. 08-5174, 2009 WL 500560, at *2-3 (E.D. La. Feb. 25, 2009) (no violation arising from lack of a mattress for seven days); Desroche v. Strain, 507 F.Supp.2d 571, 580-81 (E.D. La. 2007) (no violation arising from lack of a mattress for ten days).

### 5. Lieutenant Hansan and Corporal Williams

Lastly, it likewise clear that plaintiff has stated no cognizable individual-capacity claim against either Lieutenant Hansan or Corporal Williams. The only allegations against those defendants are that Hansan told plaintiff that his administrative complaint would be investigated and that Williams conducted that investigation. Even if plaintiff is perhaps attempting to challenge the speed or result of the investigation, any such challenge is foreclosed by Geiger v. Jowers, 404 F.3d 371 (5th Cir. 2005). In Geiger, a prisoner alleged that prison officials failed to properly investigate his grievances complaining about perceived civil rights violations. The United States Fifth Circuit Court of Appeals held that the claim was frivolous because a prisoner has no federally protected liberty interest in having his grievances investigated and resolved to his satisfaction. Id. at 373-74; see also Propes v. Mays, 169 Fed. App'x 183, 184-85 (5th Cir. 2006); Carter v. Strain, Civ. Action No. 09-15, 2009 WL 3231826, at *3 (E.D. La. Oct. 1, 2009); Tyson v. Tanner, Civ. Action No. 08-4599, 2009 WL 2883056, at *5 (E.D. La. Aug. 25, 2009); George v. Travis, Civ. Action No. 07-

986, 2007 WL 1428744, at *7 (E.D. La. May 10, 2007); Mahogany v. Miller, Civ. Action No. 06-1870, 2006 WL 4041973, at *1 (E.D. La. Aug. 3, 2006), appeal dismissed, 252 Fed. App'x 593 (5th Cir. 2007).

## IV. Remaining Claims

Out of an abundance of caution, the Court notes that plaintiff appears to be attempting to assert other claims for which he has failed to identify a defendant. However, even if a proper defendant had been named, the claims would nevertheless still be subject to dismissal for the following reasons.

### A. Placement With a Convicted Prisoner

Plaintiff claims that, as a pretrial detainee, he should never have been housed with Jason Delauney, a convicted inmate. That claim fails for two reasons.

First, it is not *per se* unconstitutional to house pretrial detainees and convicted inmates together. United States Magistrate Judge Joseph C. Wilkinson, Jr., in an opinion subsequently adopted by United States District Judge Carl Barbier, explained:

> In Jones v. Diamond, 636 F.2d 1364 (5th Cir. 1981), the Fifth Circuit stated that
>
>> [t]he confinement of pretrial detainees *indiscriminately* with convicted persons is unconstitutional unless such a practice is 'reasonably related to the *institution's interest in maintaining jail security,*' or physical facilities do not permit their separation. *Of course, if a particular pretrial detainee has a long record of prior convictions or is likely to be violent, imposition of greater security measures is warranted* .... Nonetheless, pretrial detainees have a due process right to be considered individually *to the extent security and space requirements permit*.
>
> Id. at 1374 (quoting Bell v. Wolfish, 441 U.S. 520, 531 (1979)) (additional citations omitted) (emphasis added). Thus, the Fifth Circuit in Jones recognized that the

11

> housing of pretrial detainees with convicted inmates may raise constitutional concerns, but only if their classification together is handled indiscriminately without justification, Pembroke v. Wood County, 981 F.2d 225, 228 (5th Cir. 1993), but it also recognized that some circumstances will permit the housing of pretrial detainees with convicted inmates.
>
> Significantly, the classification of inmates is an administrative function of the prison. Jones, 636 F.2d at 1376. Courts accord great deference to prison officials' administrative decisions and will not interfere with legitimate administration without a constitutional violation. Bell, 441 U.S. at 547-48; Smith v. Bingham, 914 F.2d 740, 742 (5th Cir. 1990). "Inmates have a federal right to due process at prison classification ... only if state law contains 'substantive predicates' limiting the prison administrators' discretion to classify, assign, and punish inmates." Ricker v. Leapley, 25 F.3d 1406, 1409 (8th Cir. 1994); accord Woods v. Edwards, 51 F.3d 577, 582 (5th Cir. 1995) (citing Hewitt v. Helms, 459 U.S. 460, 469-70 (1983)); Canterino v. Wilson, 869 F.2d 948, 953 (6th Cir. 1989) (citing Hewitt, 459 U.S. at 472). "Classification of inmates in Louisiana is a duty of the [jailer] and an inmate has no right to a particular classification under state law." Woods, 51 F.3d at 581-82 (quotation omitted).
>
> Thus, "[i]nmates have no protectable property or liberty interest in custodial classification. The classification of prisoners is a matter within the discretion of prison officials. Absent an abuse of discretion, federal courts are loathe to interfere with custodial classifications established by prison officials." Whitley v. Hunt, 158 F.3d 882, 889 (5th Cir. 1998) (citations omitted), abrogated on other grounds by Booth v. Churner, 532 U.S. 732, 735 (2001); accord Jones v. Roach, No. 05-60530, 2006 WL 2474746, at *1 (5th Cir. Aug. 28, 2006); Wilkerson v. Stalder, 329 F.3d 431, 436 (5th Cir. 2003).
>
> The Fifth Circuit's decision in Jones v. Diamond specifically states that limitations on physical facilities might justify housing pretrial detainees with convicted inmates, that pretrial detainees have a right to be considered individually only to the extent that security and space requirements permit and that imposition of greater security measures is warranted if an inmate has a long record of prior convictions or is likely to be violent. Jones, 636 F.2d. at 1374.

McKay v. Terrebonne Parish Sheriff's Office, Civ. Action No. 06-5570, 2007 WL 163059, at *4-5 (E.D. La. Jan. 17, 2007) (footnote omitted); see also Bland v. Terrebonne Parish Criminal Justice Complex, Civ. Action No. 09-4407, 2009 WL 3486449, at *4-5 (E.D. La. Oct. 23, 2009).

Second, in any event, plaintiff repeatedly makes clear in his complaint that his claim is that housing him with Delauney constituted an act of *negligence*. Negligence claims simply are not

12

actionable under 42 U.S.C. § 1983. The United States Supreme Court has made clear that "Section 1983 imposes liability for violations of rights protected by the Constitution, not for violations of duties of care arising out of tort law." Baker v. McCollan, 443 U.S. 137, 146 (1979). As the United States Fifth Circuit Court of Appeals has observed, "'[I]t is fundamental to our federal jurisprudence that state law tort claims are not actionable under federal law; a plaintiff under section 1983 must show deprivation of a federal right.'" Price v. Roark, 256 F.3d 364, 370 (5th Cir. 2001) (quoting Nesmith v. Taylor, 715 F.2d 194, 196 (5th Cir. 1983)). Therefore, plaintiff's negligence claim simply is not cognizable under § 1983.[5]

## B. Housing After the Fight

Plaintiff also complains about his housing after the fight. In addition to his claim regarding the holding cell, which has already been fully discussed, plaintiff complains that (1) he was initially

---

[5] The United States Supreme Court expressly noted as much in Daniels v. Williams, 474 U.S. 327 (1986). In that § 1983 case involving an accidental fall allegedly caused by a jail official's negligence, the inmate argued that such negligence violated his Fourteenth Amendment "liberty" interest in freedom from bodily injury without due process of law. Rejecting that claim, the Supreme Court noted: "Lack of due care suggests no more than a failure to measure up to the conduct of a reasonable person. To hold that injury caused by such conduct is a deprivation within the meaning of the Fourteenth Amendment would trivialize the centuries-old principle of due process of law." Id. at 332. The Supreme Court held:

> Jailers may owe a special duty of care to those in their custody under state tort law, but ... we reject the contention that the Due Process Clause of the Fourteenth Amendment embraces such a tort law concept. Petitioner alleges that he was injured by the negligence of respondent, a custodial official at the city jail. Whatever other provisions of state law or general jurisprudence he might rightly invoke, the Fourteenth Amendment to the United States Constitution does not afford him a remedy.

Id. at 335-36 (citation omitted).

placed back in the same dorm after the fight and (2) he was placed in isolation for two weeks. These claims fail for several reasons. First, again, plaintiff makes clear that he is pursuing these claims based a theory of negligence. As noted, that is not a proper basis for a § 1983 claim. Second, plaintiff identifies no harm he suffered with respect to these claims other than "stress and mental anguish." However, federal law expressly provides: "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e); see also Herman v. Holiday, 238 F.3d 660, 665-66 (5th Cir. 2001). Without such an injury, he would be barred from recovering compensatory damages even if his claims were otherwise actionable. Third, plaintiff's only claim regarding his placement in isolation is that he did not have access for a telephone for twenty-three hours per day. Even if that is true, the deprivation was brief (lasting only two weeks) and only partial (in that he would have had access to a telephone for approximately one hour per day). In light of those facts, there was no actionable deprivation. An inmate has no constitutional right to unlimited access to a telephone. See Hamilton v. Lyons, 74 F.3d 99, 106 n.8 (5th Cir. 1996); Zweifel v. Jefferson Parish Correctional Center, Civ. Action No. 09-2997, 2009 WL 1459696, at *11 (E.D. La. May 26, 2009); DeGrate v. Toney, Civ. Action No. 08-1943, 2009 WL 1309728, at *6 (W.D. La. May 11, 2009); Bellamy v. McMickens, 692 F. Supp. 205, 214 (S.D.N.Y. 1988).

## RECOMMENDATION

It is therefore **RECOMMENDED** that plaintiff's complaint be **DISMISSED WITH PREJUDICE** as frivolous and for otherwise failing to state a claim on which relief may be granted.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[6]

New Orleans, Louisiana, this fifteenth day of March, 2010.

                                                   */s/ Daniel E. Knowles, III*
                                                   **DANIEL E. KNOWLES, III**
                                                   **UNITED STATES MAGISTRATE JUDGE**

---

[6] Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.